UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH M. SPARKS,<br><br>        Plaintiff,<br>   v.<br><br>STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>        Defendants. | No. C10-5142 FDB/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  The case is before the Court upon review of Plaintiff's proposed "Amended Complaint." Dkt. 4.  After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

*DISCUSSION*

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, Mr. Sparks's allegations appear to fail to state a claim upon which relief can be granted.

ORDER TO AMEND OR SHOW CAUSE- 2

Mr. Sparks seeks "release from confinement" and wishes to sue the Washington State Department of Corrections (DOC) for unlawful imprisonment "starting from 2/13/2010." Dkt. 4, p. 4. Mr. Sparks alleges that his term of confinement has been extended, that good time credits have been taken from him, and that he was denied due process in a disciplinary hearing. *Id.*, p. 3.

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Mr. Sparks seeks release from confinement. Dkt. 4, p. 4. As noted above, when a state prisoner is challenging the duration of his confinement and the relief he seeks entails a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 499. A prisoner challenging the denial of good time credits is, in

ORDER TO AMEND OR SHOW CAUSE- 3

effect, claiming that his sentence should be shorter.  Thus, his sole remedy is habeas corpus. *Toussaint v.* McCarthy, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986).  Therefore, this Court must construe Mr. Sparks's challenge of the denial of his good time credits and length of his confinement as a habeas petition.

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.  Because Mr. Sparks seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge the denial of his good time credits is through a habeas corpus petition, which he must first file in state court.

Due to the deficiencies described above, the Court will not serve the complaint.  Mr. Sparks may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **April 19, 2010.**  If Mr. Sparks chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

ORDER TO AMEND OR SHOW CAUSE- 4

1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1)  the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2)  the dates on which the conduct of each defendant allegedly took place; and

3)  the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Sparks shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Sparks shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and Cause Number C10-5142 FDB/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Sparks decides that he has no claim for violation of his constitutional rights but that the relief he seeks is solely related to the restoration of his good time, then he has the option of filing a writ of habeas corpus. However, he is reminded that before he may file a 2254 petition for writ of habeas corpus in this Court, he must exhaust his state judicial remedies.

If Mr. Sparks decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **April 19, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally

ORDER TO AMEND OR SHOW CAUSE- 5

frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Mr. Sparks forms for the filing of a 42 U.S.C. 1983 civil rights complaint and a 2254 petition for writ of habeas corpus. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

DATED this  30th  day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6