UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH M. SPARKS,

              Plaintiff,

   v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS, *et al.*,

              Defendants.

No. C10-5142 FDB/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  May 21, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. After reviewing the complaint in this action the undersigned recommends that the action be dismissed without prejudice prior to service because Mr. Sparks's action is not cognizable under 42 U.S.C. § 1983, but must be pursued through a petition for habeas corpus.

**FACTUAL BACKGROUND**

In his complaint, Mr. Sparks seeks "release from confinement" and wishes to sue the Washington State Department of Corrections (DOC) for unlawful imprisonment "starting from 2/13/2010." Dkt. 4, p. 4. Mr. Sparks alleges that his term of confinement has been extended, that

REPORT AND RECOMMENDATION - 1

good time credits have been taken from him, and that he was denied due process in a disciplinary hearing. *Id.*, p. 3. On March 31, 2010, Mr. Sparks was ordered to show cause why this action should not be dismissed or to file an amended civil rights complaint seeking relief cognizable under 42 U.S.C. § 1983. Dkt. 7. Mr. Sparks was advised that if he did not respond to the Order to Show Cause or timely file an amended complaint on or before April 19, 2010, that the court will dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Mr. Sparks has not responded to the order to show cause.

## *DISCUSSION*

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the

REPORT AND RECOMMENDATION - 2

opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In this case, Mr. Sparks seeks release from confinement. Dkt. 4, p. 4. As noted above, when a state prisoner is challenging the duration of his confinement and the relief he seeks entails a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 499.

REPORT AND RECOMMENDATION - 3

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Because Mr. Sparks seeks an earlier release from his civil detention, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge such commitment is through a habeas corpus petition, which he must first file in state court.

*CONCLUSION*

Plaintiff has not stated a cognizable claim under 42 U.S.C. § 1983.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** and that the dismissal shall count **as a strike under 28 U.S.C. 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION - 4

1   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the

2   time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May**

3   **21, 2010**, as noted in the caption.

         DATED this  23rd   day of April, 2010.

                                    Karen L. Strombom
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 5